CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
FOR HARRISONBURG
APR 1 4 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| WARREN SCOTT TAYLOR, | ) | |
| Plaintiff, | ) | Civil Action No. 5:08CV00033 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PAGE COUNTY GENERAL | ) | By: Samuel G. Wilson |
| DISTRICT COURT, et al., | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Warren Scott Taylor, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. In his complaint, Taylor attempts to challenge the validity of a 1995 state conviction for unreasonable refusal of a blood alcohol content test. Taylor also seeks to proceed in forma pauperis. Upon consideration of his complaint, the court finds that his action should be filed in forma pauperis and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

When a state criminal defendant seeks to overturn his state conviction and sentence on federal constitutional grounds in federal court, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). Taylor is clearly contesting his 1995 conviction and confinement and seeking reversal of that conviction. Therefore, under Preiser, he cannot proceed with his claims under § 1983. Further, the court will not construe his action a petition for writ of habeas corpus pursuant to § 2254 because court records indicate that Taylor has previously filed a § 2254 petition challenging this conviction, see Taylor v. Brown, Civil Action No. 7:01cv00912 (W.D. Va. 2004) (dismissed as untimely), and therefore, a new § 2254 petition would be successive pursuant to 28 U.S.C. § 2244(b). Accordingly, the court will dismiss the case without prejudice, pursuant to § 1915(e)(2), because it fails to state any claim actionable under § 1983, the stated

statutory ground under which Taylor brings his claims.

## III.

For the stated reasons, the court dismisses Taylor's complaint.

**ENTER**: This _14th_ day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE

2